JOHN CATLIN, Respondent, v. JOSEPH KNOTT, Appellant.

*Appeal from Multnomah County.*

No interest is allowed on mutual accounts, except after the settlement thereof and the striking of a balance.

CATLIN, in his complaint, avers that Knott was indebted to one Lawrence, on a verbal contract, in the sum of one hundred and fifty dollars, for labor and services, and sues, as assignee of Lawrence, with a written order from him. The action is brought, both on an express contract for that sum, and a *quantum meruit*, averring the services to be worth the sum of two hundred and fourteen dollars. Knott answered, denying such contract with Lawrence, and averring that, if any such contract existed, it was a joint one with several persons, including Knott, and dependent upon a condition, that, if Lawrence, as an attorney, should gain a certain law

suit, then pending, he should have $150; otherwise, nothing, and claimed a payment of $20.

The record shows that a demand was made upon Knott for the *whole amount*, and, that without farther words, Knott said he had paid Lawrence $20. In Justice's Court Catlin had judgment for $214.25. On appeal in Circuit Court, he obtained judgment for $162.30, being principal and interest.

Two grounds of error are principally relied on:

1st. That there was no evidence of any assignment to plaintiff by Lawrence, of the claim sued on; and,

2d. That the verdict was for a greater amount than could be rendered by law.

*Stout & Reed*, for appellant:

7 *Hill*, 577; *Story on Bills, section* 3; 12 *Johns.*, 221; 12 *Pick.*, 163.

*John Catlin, Esq.*, for respondent:

*Parsons on Cont.*, 381; 22 *Pick.*, 291; 7 *Wend.*, 109.


WILSON, J. We think that the finding of the jury is conclusive of any question as to the real contract between the parties, and they must have found the averments in the complaint as substantially proven. It was not necessary that any written order from Lawrence should be offered in evidence; it was sufficient if the jury were satisfied that Catlin was the real owner of the claim, by purchase, for a valuable consideration.

It does not appear from the record here, that the parties ever had any distinct understanding or agreement as to the amount of indebtedness on the one side, or of claim on the other. In fact, though Knott claims he had paid Lawrence twenty dollars, he denied any indebtedness, and seemed to think he ought to recover that amount back. Plaintiff, too, claimed for the whole amount, although from the pleadings there was this payment made. It is very evident there was

no mutual understanding as to any certain amount of difference between them.

The *Code, page* 755, *section one,* provides: "That the rate of interest in this State shall be ten per centum per annum, and no more, on all moneys, after the same become due on judgments and decrees for the payment of money; on moneys received for the use of another, and retained beyond a reasonable time without the owner's consent, or on money due upon the settlement of matured accounts, from the day the balance is ascertained, &c." The mode of settling matured accounts involves the examination of the same by the parties, and the arrival at an understanding of the amount remaining due from the one party to the other as an adjustment thereof. It becomes a settlement, and in such cases only is interest allowed to run. We think this case develops no such action of the parties, and no such mutual understanding, and, of course, no interest accrued. The court below erred in allowing the claim for interest.

The judgment should be modified, and respondent only recover the amount of one hundred and thirty dollars.