## STANDARD GASLIGHT CO. v. WOOD et al.

(Circuit Court of Appeals, Second Circuit. April 19, 1894.)

1. ASSUMPSIT—PLEADING—PERFORMANCE OF CONTRACT.

Where one has performed work in good faith, though not in the manner or within the time prescribed by the contract, and it has been accepted, he may recover its reasonable value under the common counts in assumpsit.

2. CONTRACTS—INTERPRETATION—CONDITIONS—PENALTIES.

Plaintiff contracted to do work for defendant, and complete it "by November 15th, under a penalty of $100 per day, provided you have foundation ready by June 15th." *Held*, that the completion of the foundation was a condition precedent, in default of which defendant could not claim the penalty as liquidated damages for plaintiff's delay.

3. APPEAL—REVIEW—HARMLESS ERROR.

In an action on a contract which embodied a penalty for delay in performance on plaintiff's part, the court ruled during the trial that defendant need not show actual damages arising from delay; and afterwards, in its charge, it called the jury's attention to the fact that no actual damage to defendant was shown. *Held*, that the error was without prejudice where defendant had admitted that it was impracticable to show actual damages.

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Richard Wood and others, constituting the firm of R. D. Wood & Co., against the Standard Gaslight Company. There was judgment for plaintiffs, and defendant brings error.

Delos McCurdy, for plaintiff in error.

Henry Galbraith Ward, for defendants in error.

Before LACOMBE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. On April 11, 1891, the firm of R. D. Wood & Co., the defendants in error, made a written proposition to the Standard Gaslight Company, the plaintiff in error, to construct for it a gas holder, which proposition was accepted in writing on the same day. The portion of the contract which is important in the present case is as follows:

"We propose to deliver and erect on a foundation furnished by you, on your property on 131st and 132d Sts., west, a three-lift gas holder and steel tank, the holder to have a capacity of 2,000,000 C. F. General dimensions as follows: * * *. Specifications to be submitted for approval. Workmanship and materials to be of the best, and the entire work to be completed by Nov. 15th, 1891, under a penalty of $100 per day, provided you have foundation ready by June 15th, all complete, for the sum of one hundred and forty-nine ($149,000) thousand dollars, payable as follows: [Then follow the terms of payment.]"

The contractors entered upon the work, but it was not completed and accepted until February 16, 1892, or, in the opinion of the gas company, until February 27, 1892. The gas holder and tank were subsequently, and when the need for their use required, used by the company. R. D. Wood & Co. brought suit against the gaslight company in the circuit court for the southern district of New York to recover $52,293.06, the amount claimed to be due from it for work and material upon the structure.

The complaint alleged the proposition, its acceptance, and the construction of a gas holder and tank in conformity with the specifications laid down by the defendant, "all of which was done by the plaintiffs at the special instance and request of the defendant, and was completed and delivered by the plaintiffs to defendant, and accepted by the defendant." The complaint further alleged "that the work, labor, and service performed by the plaintiffs in and about the construction of the said gas tank were and are of the reasonable value of $149,000;" and further alleged an unpaid indebtedness of the amount which has been stated. The defendant, in its answer, admitted the construction of a gas holder and tank, but denied that it complied with the specifications, or that it was completed and accepted within the time required by the contract, or except subject to the penalties imposed for delay, or that it was worth $149,000, or that the sum of $52,293.06 was due. The answer also contained a counterclaim for $28,800, the amount of penalties incurred by the plaintiff as fixed by the contract for delay, and alleged that by reason of the plaintiffs' default its actual damages were the amount of $30,000, or thereabouts.

Under the issues as thus framed the plaintiffs offered evidence that the foundation which the defendant was to have ready by June 15th was not completed until August 5th; that, therefore, they were not able to complete the work by November 15th, and that it was compelled to be finished in the winter, and was subjected to consequent delays, but was finished in a reasonable time. To the evidence showing excuses for nonperformance of the agreement to complete the work by November 15th the defendant seasonably excepted. The testimony of the defendant was that its delay in completing the foundation was caused by the plaintiffs, and that it was substantially completed on June 15th. It was finally conceded that the plaintiffs substantially conformed to the specifications, that there was no claim for damages predicated upon defects in the character of the work, and that at some time the structure was accepted. The court charged the jury that the plaintiffs were entitled to the balance which they claimed, unless the defendant was entitled to recoup and reduce the amount of the plaintiffs' recovery because of the breaking of contract on their part to complete the structure by November 15th; and further charged that, if the defendant had performed the condition upon its part by having the foundation for this structure ready—ready within the meaning of the contract—on the 15th of June, then the defendants were entitled to recover by way of recoupment against the plaintiffs' claim at the rate of $100 per day for the number of days' delay which elapsed after the 15th day of November until the structure was really substantially completed; and submitted to the jury the question whether the foundation for the structure was ready on the 15th day of June, within the meaning of the contract, and that it was ready within such meaning if the defendant, having done everything within its own control towards completion, had been hindered by the default of the plaintiffs from entire completion. The court further charged that if the structure was not ready, through the

default of the defendants, the plaintiffs were entitled to the whole contract price; but, if the jury found that the defendant performed its obligation in having the foundation ready, within the spirit of the contract, by the 15th day of June, then they were to determine how many days ensued after the 15th day of November of delay in the completion of the work, and were to allow the defendant by way of recoupment $100 for every day. The court further charged that the defendant could be entitled to recover damages for unreasonable delay in completing the structure, if damages had been shown, even though it appeared that the foundation was not ready on the 15th of June; but that, when the defendant relied upon the recovery of the $100 per day, then it must appear that the foundation was ready on June 15th. The defendant excepted to the charge that the condition in the contract in regard to the foundation was a condition precedent, and further excepted to the statement that no actual damage by reason of the nonfulfillment of the contract was proved, and called the attention of the judge to his remark during the progress of the trial that he should probably rule that the provision for $100 per day was to be treated as liquidated damages, and to his reply in the affirmative to the question of the defendant's counsel whether the court would rule that actual damages need not be proved. The jury returned a verdict for the full amount of the plaintiffs' claim.

The propositions upon which the exceptions of the plaintiff in error are founded are threefold. The first and second will be considered together: First, that no evidence in excuse for nonperformance of the agreement to complete the work on November 15th was admissible, because the complaint averred performance, and under such an averment evidence in excuse of nonperformance was not admissible. Second, that the provision of the contract which called upon the gas company to complete the foundation by June 15th was not an imperative condition precedent, and that the gas company was entitled to its liquidated damages for delay after November 15th.

The first objection proceeds from a misconception of the character of the complaint, which was in general assumpsit for the reasonable value of work which the defendant had accepted, and was framed in accordance with the rule of pleading stated in Dermott v. Jones, 2 Wall. 1, as follows:

"Where he [the plaintiff] has in good faith fulfilled, but not in the manner or not within the time prescribed by, the contract, and the other party has sanctioned or accepted the work, he may recover upon the common counts in indebitatus assumpsit. He must produce the contract upon the trial, and it will be applied as far as it can be traced; but if, by the fault of the defendant, the cost of the work or materials has been increased, in so far the jury will be warranted in departing from the contract prices. In such cases the defendant is entitled to recoup for the damages he may have sustained by the plaintiff's deviations from the contract, not induced by himself, both as to the manner and time of the performance."

The invalidity of the second exception, which relates to the construction of the contract, and to the obligations of the respective parties in case the contractors' promise to complete the work by

November 15th rested upon the completion of the foundation by June 15th, will be manifest by reference to authoritative decisions of comparatively recent date. The two promises were not concurrent, for the acts to be performed were not simultaneous. 2 Pars. Cont. c. 3, p. 189. The promise to complete on November 15th, and to pay $100 for each day's default thereafter, expressly hinged upon the gas company's completion of its part of the work by June 15th. When the condition upon which the promise depended was unperformed through the default of the gas company, the promise to complete by a certain day was no longer obligatory; but, if the contractors entered upon the work, they were under an obligation to finish within a reasonable time. The gas company had, by its default, waived or abandoned the right to call upon the contractors for strict performance as to time, who, if they entered forthwith upon the work, had the right to a reasonable time for performance. Dannat v. Fuller, 120 N. Y. 554, 24 N. E. 815; Mansfield v. Railroad Co., 102 N. Y. 205, 6 N. E. 386; Dermott v. Jones, 23 How. 220. The evidence on the part of the defendants in error, that, having been thrown over into the winter in consequence of the gas company's delay, they were delayed from prompt completion of the work by the inclemency of the weather, tended to show that they were complying with their duty as to time.

Third. The defendant says that if it was not entitled to liquidated damages it was entitled to prove that it had sustained actual damages for failure to furnish the tank within the limited time, and that it was deprived of an opportunity to do so by the interlocutory ruling of the court. It had a right to prove that it had sustained actual damages by unreasonable delay on the part of the contractors, and, if it was apparent that it had desired to offer such proof, but had refrained from the attempt by the ruling of the court, fairness would require that the opportunity to make such presentation should be afforded. But the record shows that it was in the opinion of the defendant absolutely impracticable for any person to ascertain what damages were suffered from the delay, and consequently it received no injury by reason of the quoted statement which was made by the court during the progress of the trial.

There is no error in the record, and the judgment of the circuit court is affirmed.