Argued June 27, decided July 9, 1912.

## ZANELLO v. SMITH & WATSON IRON WORKS.

[124 Pac. 660.]

APPEAL AND ERROR—REVIEW—ABSTRACT.

1. Where the statement of the evidence in the brief of respondent was uncontradicted and there was no bill of exceptions and no reference in the abstract to the testimony admitted, it will be taken for granted that the evidence as stated in the brief is correct.

CONTRACTS—ACTIONS FOR BREACH—PLEADING—ADMISSIBILITY.

2. Under a complaint stating that plaintiffs had erected brick walls in pursuance of contract with defendant, and that, owing to heavy rain and snow when the work was required by defendant to be done, the mortar was frozen and so was imperfect, testimony tending to show that defendant's agent requested plaintiff to lay the brick notwithstanding the rigor of the weather, agreeing to accept the work when it was completed, was admissible.

CONTRACTS—PERFORMANCE.

3. Non-performance of a valid contract will not be excused unless performance was rendered impossible by the act of God, the operation of law, or the conduct of the opposite party.

CONTRACTS—MODIFICATION—PAROL AGREEMENT.

4. The most solemn written contract may be modified or annulled by a subsequent valid oral agreement.

TRIAL—ACTIONS FOR BREACH—INSTRUCTIONS.

5. In an action for the price due on a contract for laying brick, where plaintiffs gave evidence that defendant requested them to proceed with the laying of the brick in freezing weather, agreeing that they would accept responsibility for any defects and would accept the work when finished, and defendants gave testimony denying any modification of the contract, an instruction that, to excuse performance of the contract, the instrument itself must make some suitable provision for non-performance is properly refused, not being applicable to the issues, for any contract may be modified by a valid subsequent agreement.

From Multnomah:   HENRY E. MCGINN, Judge.

Statement by MR. JUSTICE MOORE.

This is an action to recover money. It is alleged in the complaint, in substance: That at all the times stated therein the plaintiffs, G. Zanello and Fred Zanello, were partners as G. Zanello & Son, and the defendant, the Smith & Watson Iron Works, was a corporation; that on October 9, 1909, the defendant employed plaintiffs to

build at Portland the walls of its foundry, agreeing to furnish the necessary brick and to pay for laying them $7.00 per thousand, the plaintiffs to supply the remaining material; that they completed the work within the time limited and in accordance with the contract and specifications, "but that owing to heavy storms of rain and snow, and freezing weather prevailing when said work was required by defendant to be done, and when it was done, and the water-soaked and frozen and defective condition of the brick furnished by defendant for said work, the mortar in the joints of part of said work froze and killed, and the joints were rendered imperfect on account thereof, and the walls of said building in places imperfect in other respects, but that such imperfections and defects were not the fault of plaintiffs, but were occasioned by the condition of the brick furnished by defendant, and by the freezing and killing of the mortar, as aforesaid; that defendant on or about December 18, 1909, accepted the work, and has ever since been and is now using and occupying the said building for the purpose for which it was built;" that in doing the work plaintiff laid in the walls of the foundry 476,000 brick, amounting to $3,332, on account of which there had been paid only $2,500, thereby leaving due $832, for which judgment was demanded with interest from the time the building was accepted.

. The answer denied that plaintiffs performed the work as required, but admitted all other averments of the complaint. For a further defense it was alleged in substance that, by reason of the defective work, occasioned by the freezing of the mortar, and by plaintiffs' refusal to put the walls of the building in proper condition, the defendant was compelled to purchase material and to employ labor in making repairs, paying therefor $225; that in order to complete the work it would be necessary to

expend the further sum of $700, amounting to $925; that deducting therefrom $832, the sum claimed by plaintiffs, there remained $93, for which sum judgment was demanded.

The reply put in issue the allegations of new matter in the answer, whereupon the cause was tried, resulting in a verdict, and judgment as demanded in the complaint and the defendant appeals.                AFFIRMED.

For appellant there was a brief over the names of *Messrs. Schnabel & LaRoche,* with an oral argument by *Mr. Walter P. LaRoche.*

For respondents there was a brief and an oral argument by *Mr. Albert H. Tanner.*

MR. JUSTICE MOORE delivered the opinion of the court.

The only error assigned is the court's denial of defendant's request to instruct the jury as follows:

"I charge you that to excuse the performance of a contract the instrument itself must make some suitable provision for such nonperformance, for he could have provided against that in the contract."

1. Though a bill of exceptions appears to have been settled and allowed, it does not accompany the transcript. This appeal was tried, pursuant to stipulation, upon an abstract which does not include any of the testimony received or of the instructions given.

The brief of respondents' counsel contains statements as follows:

"Upon the trial of the case plaintiffs gave evidence tending to sustain the allegations of their complaint, and also tending to show that the work of laying said brick was done in rainy and freezing weather at the request of defendant, and that it agreed to assume the risk of the joints freezing if plaintiffs went ahead with said work in such weather, and that the officers and agents of defendant saw said work daily as it progressed, and knew ·

said work was being done in freezing weather, and made no objections thereto, but were constantly urging plaintiffs to complete the same; that the walls of the building were not weakened by the freezing of the joints, and that the injury to the joints by freezing was due to the water-soaked and defective condition of the brick furnished by defendant for said work. The defendant gave evidence tending to show that said work was not performed in a workmanlike manner, and not according to the terms and conditions of the contract, and tending to show that said work was performed during freezing weather, and by reason thereof the mortar placed between the brick froze and joints in the wall fell out, thereby weakening said wall and impairing its value, and requiring additional work and expense upon the part of defendant to repoint said wall and to restore the same to good condition, or to such condition as the same would have been in had the work been performed in a good and workmanlike manner and according to the terms and specifications of said contract, and also tending to show that defendant never requested the plaintiffs to proceed with said work during freezing weather, and that defendant had never agreed to assume the risk of the joints freezing if plaintiffs would prosecute said work in such weather, and also tending to show that when defendant urged plaintiffs to hasten said work, plaintiffs declined on account of weather conditions, and also tending to show that, before and after the completion of said work, the defendant duly requested the plaintiffs to remedy the said defective condition in said walls arising from said freezing, but the plaintiffs refused to remedy or correct the same, and that thereupon the defendant was compelled to and did expend money and materials in correcting the same."

The foregoing report of what is purported to have occurred at the trial in the lower court is not denied in the brief of appellant's counsel, nor was the correctness of the narrative controverted in argument in this court except by asserting that the person who urged a continuance of the work during the freezing weather was not such an agent as could bind the defendant by his

solicitations or representations.   In the absence of a bill
of exceptions, and in want of any reference in the
abstract to the testimony admitted, it will be taken for
granted that the declaration quoted, which pretends to
have been extracted from the bill of exceptions, correctly
details what transpired at the trial.

2. A liberal interpretation of the averments of the
complaint would permit the admission of testimony
tending to show that defendant's agents requested
plaintiffs to lay the brick, notwithstanding the rigor of
the weather, inspecting the work as it was performed
and agreeing to accept it when completed.

3-5. The parties were entitled to have their respective
theories submitted to the jury, but, as the hypothesis
of each was so variant, it was impossible to accept as
true the assumption of both.   As an abstract legal
proposition the requested instruction, though very meager
in details and wholly lacking in consequences which
would follow if a finding were made in conformity there-
with, might possibly have been applicable in some
instances to the facts involved.   If parties stipulate for
the performance of a valid contract, a failure to comply
with its provisions will not excuse him who assumed the
obligation unless an observance of the terms of the agree-
ment has been rendered impossible by the act of God, the
operation of a subsequent law, or the conduct of the
other party.   Bishop, Cont. (2 Enlarged ed.) § 590;
2 Parsons, Cont. (9 ed.) *672; *Pengra* v. *Wheeler,* 24
Or. 532 (34 Pac. 354; 21 L. R. A. 726) ; *Hanthorn* v.
*Quinn,* 42 Or. 1 (69 Pac. 817) ; *Reid* v. *Alaska Packing
Co.,* 43 Or. 429 (73 Pac. 337).

The original agreement referred to herein contained
no provision exempting plaintiffs from performnig their
part of its terms on account of severe weather.   The
most solemn written contract, except when prohibited by
positive enactment, may be modified or annulled by a

subsequent valid oral agreement. If, therefore, the defendant's duly authorized agent, desiring a speedy completion of the building, requested a construction of the walls during freezing weather, agreeing to assume the risks incident thereto, and plaintiffs, relying thereon, complied with the solicitation, the original contract was modified in that particular by the subsequent oral agreement entitling them to the remainder of the price agreed upon.

The defendant, having introduced testimony tending to disprove any modification of the written contract, could have formulated an instruction illustrating its theory of the case. Assuming that the jury were charged as to plaintiffs' hypothesis respecting an alteration of the original agreement, such postulate must have been found inapplicable before a finding could have been made for the defendant, and hence the request might have been, in substance, as follows:

"If, however, you should find that no subsequent agreement was made, or if you should find that a modification of the written contract was attempted, but that the person assuming to act for the defendant, in requesting a speedy completion of the walls, and assuming all liability on account of injury from freezing, was unauthorized to represent the defendant, in either of such cases you should award it such a sum of money as would equal the damages sustained by it, not surpassing $925, and, if such allowance exceeds $832, your verdict should be in favor of the defendant for the difference, but, if you should find that the damages so suffered did not equal the sum admitted to be due plaintiffs, your verdict should be in their favor for the difference."

The requested instruction does not include the conditions mentioned nor the consequences depending thereon, and, failing in these particulars, no error was committed as alleged.

It followed that the judgment should be affirmed, and it is so ordered.                                                      AFFIRMED.