Argued January 12, reversed February 2, 1915.

## HAYDEN *v.* ASTORIA.

### (145 Pac. 1072.)

**Contracts—Construction—Implied Contract.**

1.   Where the original contract has been deviated from in so many matters that it cannot be regarded as controlling, it must be considered as abrogated, and the parties relegated to their implied rights, for a subsequent departure from the terms of a written contract by the parties, mutually acquiesced in, abrogates it to that extent.

[As to substantial performance of building contract, see note in 30 Am. St. Rep. 616.]

**Contracts—Construction—Power of Engineer.**

2.   Where a contract for the construction of a water reservoir, etc., provided that the engineer should have full power to supervise and manage the contract, and that the estimates were only approximate and might be changed, the engineer cannot exercise his power so as to retard the work without rendering the municipality liable, nor can he increase the estimates from 150 per cent to 500 per cent without changing the contract.

[As to conclusiveness of decision of architect or engineer under working contract, see note in Ann. Cas. 1913A, 180.]

**Pleading—Itemized Statement—Acquiescence.**

3.   Where on defendant's motion plaintiff filed an itemized statement in an action on account, defendant, if deeming the statement insufficient, should move to make it more definite and certain.

**Pleading—Motion for Itemized Statement—Acquiescence.**

4.   In an action on an implied contract, where defendant did not object to the itemized statement filed by plaintiff in response to its motion, defendant's motion to make the complaint more definite and certain by changing the nature of the action should be denied; being inconsistent with its tacit approval of the statement.

**Appeal and Error—Determination.**

5.   While Article VII, Section 3, of the Constitution, as amended by Laws of 1911, page 7, contemplates the settlement of a cause on one appeal, the case must be remanded where the record is too incomplete to permit the appellate court to render final judgment.

From Clatsop: James A. Eakin, Judge.

Department 2.   Statement by Mr. Justice Bean.

This is an appeal by the plaintiffs from an order of the Circuit Court striking their complaint from the

record and dismissing the action.   On August 22, 1911, a contract was entered into between Bidwell-Hayden & Co. and the City of Astoria, Oregon, whereby the plaintiffs agreed to construct a storage reservoir dam, and clear a reservoir site on Bear Creek by October 1, 1912, in accordance with the specifications attached and plans explanatory thereof which had been made or might thereafter be made from time to time by the engineer, and according to the written and verbal directions of the engineer in charge of the work as the same progressed.   The contract was upon the unit basis: For clearing 25 acres for reservoir site, $10,000; 1,900 cubic yards earth excavation at 50 cents, $950; 550 cubic yards rock excavation at $2, $1,100; 6,600 cubic yards concrete, furnishing and placing, at $8.88, $58,608; and sluice-gates, specials, pipes, steps, handrails, etc., for the total sum of $64,889.90.

The plaintiffs set out at great length in their complaint that the construction of the dam and work, with the exception of clearing the reservoir site, was so changed that the original contract was modified and abandoned, and bring action for the reasonable value of the construction of the dam, etc.   They aver that the plans purported to show the character of the dam to be constructed; that defendant required them to proceed with the exploration of the ground in a slow and costly manner in order that it might determine the nature of the ground and where a suitable foundation might be found, refusing to give the plaintiffs plans, directions or information as to the extent of the excavation required, thus forcing them to obtain the same and determine the nature and quality of the ground at their own expense, causing delay and expense, and preventing the doing of the work on time or in the manner set forth in the original contract;

that 4,325 cubic yards of rock were removed from the
excavation instead of 550; that the excavation for the
dam was thereby increased about 155 per cent; that
the defendant changed the type of the dam and the
contemplated location; that during the placing of the
concrete the engineers arbitrarily changed the propor-
tions of cement, sand and stone used in making the
concrete so as to require a more costly mixture than
specified; that the specifications called for 6,600 yards
of concrete, whereas the amount was finally placed at
8,703; that the concrete cost $15 per yard, instead of
$8.88, making a total of $130,575, whereas under the
contract it would have cost about $77,000; that, owing
to the work having to be done in the winter season,
there were washouts and slides which retarded the
operation, causing heavy expense. It was further con-
tended that the original plan furnished by the defend-
ant shows one cut-off wall four feet wide and four
feet deep, filled with concrete, running parallel to the
storage dam and serving as a part of the foundation
for the same; that this was excavated according to
the original plans and the advice of the engineer; that
after a wait of several days during the month of
August, and after consulting with another engineer,
those in charge changed the plans of the cut-off wall
by requiring it to be made four feet wide and ten feet
deep, and added two additional cut-off walls parallel
to the dam, each being four feet wide and ten feet
deep, neither of which was shown on the original
plans; that this increased the work of excavating for
and concreting the cut-off walls approximately 500
per cent over the amount indicated in the original
specifications, which added greatly to the cost, hin-
dered and interfered with the works of plaintiffs,
prevented them from completing the work in the time

specified, and made it necessary to do a part thereof in the winter season. Various other changes and additions were made, of which the above are samples.

According to the plaintiffs' complaint, the dam was completed June 22, 1913. All the work was done by that date and thereafter accepted by the defendant municipality, and was a first-class job. The plaintiffs assert that the changes and the departures from the original plans and specifications, the incompetency of the engineers, and the delays which added to the expense of the work, together with all the other matters herein contained, constituted a material modification, departure, and abandonment of the original contract; that the prices mentioned therein cannot be traced to or applied to the work, labor, and materials furnished, except that set forth for clearing the reservoir site, which is admitted as proper compensation for that part of the work; that all other work, labor, and services rendered and materials furnished on the dam and excavation, the placing of the concrete, etc., are of the reasonable value of $143,105.58, of which $82,473.11 has been paid, leaving a balance due for this part of the work of $60,632.47, which with the sum of $1,034, balance for clearing reservoir site, makes the total sum due $61,666.47.

The defendant's counsel served notice upon the plaintiffs demanding an itemized statement of the account sued upon, and in compliance therewith the plaintiffs filed an itemized statement of the cost of the work set forth in the complaint "Showing Expenditures, Building Dam." Counsel for defendant then filed a motion to make the complaint more definite and certain, of the following purport:

"That the plaintiffs be required to make the allegations set forth in paragraph 13 of said complaint more

definite and certain in the following particulars, namely: That plaintiffs be required to set forth in said complaint the actual number of days and hours, in other words, the actual time, in which plaintiffs were delayed in their work therein described, because of the fact as therein alleged that Lars Bergsvik came upon said work therein described only about once a week; * * that said plaintiffs be required to set forth and allege the actual amount of damages that the plaintiffs claim they sustained by reason of the alleged differences of opinion between Bergsvik and Forsythe (the engineers).''

In about 20 specific paragraphs the plaintiffs were required to set forth specifically the amount of damages they claimed they suffered by reason of the matters alleged in the several paragraphs of the complaint. Pursuant to the order of the court, the plaintiffs filed an amended complaint, in which they alleged, in substance, that the several causes of the delay, such as the disagreement of the engineers and the delay in furnishing the plans or directions for the work, were so intermingled that it was impossible to state separately what delay each caused; that all the defects and breaches of the contract on the part of the defendant, including the failure of Bergsvik to appear upon the work except at intervals of a week, conjunctively delayed the completion of the excavation from the 10th of May, 1912, until August 29, 1912.

With respect to damages, the plaintiffs herein claim none, except to recover upon a *quantum meruit* basis as set forth in the concluding paragraphs of this complaint.

Upon motion of counsel for defendant the Circuit Court struck the amended complaint from the files and dismissed the action, for the reason that it did not

74 Or.—34

comply with the order of the court setting forth the actual time that plaintiffs were delayed in their work and wholly failed to state the amount of damages claimed.                                        REVERSED.

For appellants there was a brief over the name of *Messrs. Mannix & Sullivan,* with an oral argument by *Mr. Thomas Mannix.*

For respondent there was a brief over the names of *Mr. George C. Fulton* and *Mr. A. W. Norblad,* with an oral argument by *Mr. Fulton.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The proposition involved is plainly stated by counsel for defendant in their brief as follows:

"The only theory upon which the appellants can successfully maintain this appeal is that their complaint states facts showing that the respondent abandoned the original contract, or by its acts prohibited the appellants from performing the contract according to the terms thereof, and that an entirely new contract was by law impliedly entered into, and further that the unit agreement of compensation would not govern."

It would seem that the first position taken by counsel in regard to the itemized statement of account sued upon indicates that the complaint was understood. No objection was taken to the statement filed. The further motion to make the complaint more definite and certain which was allowed by the court in effect required the plaintiffs to change their form of action to one strictly for damages for a breach of the contract. We think the facts alleged in the complaint show that the contract between the parties was deviated from in material particulars, so that all its terms would not

apply to the construction of the work as completed. An extended discussion of the facts alleged would not be of assistance in the trial of the cause, as they might appear different from the evidence introduced.

The main question is: Can plaintiffs, under the facts shown in the complaint, maintain an action for the reasonable value of the work performed? It is stated in 4 Elliott, Contracts, Section 3697, as follows:

"Sometimes it happens that the original contract has been deviated from in so many matters that it can hardly be regarded as controlling the parties at all, and in such cases the original contract is often treated as abandoned, and a new contract is implied to pay the fair or reasonable value of the work or materials. * * So, again, in Vermont, 'where the parties under a special contract deviate from the original plan agreed upon, and the terms of the original contract do not appear to be applicable to the new work, it being beyond what was originally contemplated by the parties, it is undoubtedly to be regarded and treated as work wholly extra, out of the scope of the contract, and may be recovered for as such. * * ' "

A subsequent departure from the terms of a written contract by the parties and mutually acquiesced in abrogates the original contract to that extent: *Zanello* v. *Iron Works,* 62 Or. 213 (124 Pac. 660); *Pippy* v. *Winslow,* 62 Or. 219, 224 (125 Pac. 298); *City Messenger & Del. Co.* v. *Postal Tel. Co., ante,* p. 433 (145 Pac. 657). We think these rules apply to the case in hand, taking the allegations of the complaint as true.

2. Paragraph 42 of the specifications specially provides that the estimate of quantities included in the contract and in the contemplation of the parties must be understood to be only approximate; that such estimates were assumed on the basis solely for the purpose of comparison of bids; and that no claim could

be made by the successful bidder against the water commission which represented the City of Astoria, on account of any excess or deficiency in the same. The specifications also required the bidders to visit the location of the works and satisfy themselves as to the nature of the materials and as to all local conditions. They also provided that the contractor should not be entitled to any compensation for delays or hindrances to his work for any cause whatever, but allowed for extensions of time for such unavoidable delays as might result from causes that in the opinion of the water commission were beyond the control of the contractor, but the latter was required to give notice for all requests for extension.

It is contended by counsel for defendant that the plaintiffs, while setting out the contract, utterly abandoned it and are now attempting to recover the reasonable value of the services performed; that according to the terms of the contract the plaintiffs are not entitled to any extra compensation. With this contention we are unable to agree. We think the following rule applicable: Even though the engineer is given full power to supervise and manage the work, he cannot so conduct the same as to retard its progress or prevent the performance of the contract, no matter how seemingly broad his power may be: *Dubois* v. *Delaware & Hud. Canal Co.,* 4 Wend. (N. Y.) 285; *Del. Genovese* v. *Third Ave. R. Co.,* 13 App. Div. 412 (43 N. Y. Supp. 8); *Salt Lake City* v. *Smith,* 104 Fed. 457 (43 C. C. A. 637). The power of an engineer under a contract allowing him to increase or diminish the quantity of the work to be done in his discretion is limited to such changes as are contemplated by the parties at the time the contract was made, and he cannot increase or diminish the quantities beyond this

limit without paying the reasonable value for such changes: *Cook* v. *Harms,* 108 Ill. 151; *Salt Lake City* v. *Smith,* 104 Fed. 457 (43 C. C. A. 637); *Dubois* v. *Delaware & Hud. Canal Co.,* 4 Wend. (N. Y.) 285; *National Contracting Co.* v. *Hudson River Water Power Co.,* 192 N. Y. 209 (84 N. E. 965); *Henderson Bridge Co.* v. *McGrath,* 134 U. S. 260 (33 L. Ed. 934, 10 Sup. Ct. Rep. 730). The changes alleged to have been made, in the one case where the work was increased 155 per cent, and in another as high as 500 per cent, must be considered as not being within the contemplation of the parties at the time of the execution of the contract for the construction of the work. Therefore, in regard to the dam as constructed by the direction of the engineers and accepted by the city, there was no meeting of the minds of the parties as to the amount of compensation. It is the rule that in carrying out a contract, whether time is of the essence or not, the owner cannot delay or retard the contractor in the progress of the work or prevent performance thereof without liability; and, where the owner under the contract is bound to furnish materials or do any other thing required to be done by him pursuant to the contract, he must do that thing in such a way as not to retard the contractor; and, if through the act or omission of the owner under such circumstances the work is delayed in such a way as to make performance impossible, the contractor can recover upon the *quantum meruit: Cross* v. *Beard,* 26 N. Y. 85, 88; *Indiana Traction Co.* v. *Brennan,* 174 Ind. 1 (87 N. E. 215, 223, 90 N. E. 65, 68, 91 N. E. 503); *Standard Gaslight Co.* v. *Wood,* 61 Fed. 74 (9 C. C. A. 362).

3, 4. If the defendant deemed the itemized statement of account filed by the plaintiffs to be insufficient, a motion should have been made to make the same more

definite and certain: *Catlin* v. *Knott*, 2 Or. 321. By its motion defendant wholly ignored this statement. No objection having been made to the same, it must be assumed to have been satisfactory to the defendant. This statement furnished upon defendant's demand was for the purpose of making the pleading of which it was a part more definite and certain. The second motion is inconsistent with the first. It was error for the court to ignore this statement and to sustain a motion which, in effect, required the plaintiffs to change the form and substance of their complaint to one purely for damages and dismiss the action.

5. While Article VII, Section 3, of the Constitution, as amended by Laws of 1911, page 7, seems to contemplate that a cause should be settled upon one appeal, the record is somewhat incomplete for this court to render final judgment. If issue is joined, the action should be tried upon the merits.

The judgment of the lower court will therefore be reversed, and the cause remanded for such further proceedings as may be deemed proper not inconsistent herewith.                                        REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE HARRIS concur.