Argued April 3, reversed and remanded May 2, 1919.

# MULTNOMAH COUNTY v. STANDARD AM. DREDGING CO.

## (180 Pac. 508.)

**Action—Contract or Tort.**

1. A complaint *held* to state a cause of action in damages for fraud and deceit, and not one on the theory that the original contract had been deviated from to such an extent that it was not controlling on the parties, and that there was a new contract implied to pay fair or reasonable value of work done.

**Contracts—Fraud—Actions for Damages—Affirmance.**

2. Where a contractor was prevailed upon through misrepresentation to enter into a contract to render services and furnish material, there was no valid contract until it was ratified with a knowledge of the fraud, and even then affirmance did not effect waiver of claim for damages caused by fraud.

**Fraud—Waiver of Right to Damages.**

3. Where a contractor entered into a contract by reason of misrepresentations as to the amount of the work, completion of the work after becoming aware of the misrepresentations was not a waiver of the contractor's right to damages by reason of the fraud.

**Trial—Nonsuit—Waiver of Variance.**

4. Whre a cause was tried and jury was instructed upon a theory not justified by pleadings, defendant was not entitled to a judgment of nonsuit, but only to a trial upon the issues as joined.

[As to right of action in general for false representations, see note in 18 Am. St. Rep. 555.]

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.

This is an action for the recovery of money, in which the complaint, after the formal allegations, proceeds as follows:

"That prior to the month of August, 1916, the said Standard American Dredging Company solicited the said Ray & Company to perform certain work in connection with the grading, concrete and other work forming a part of the approaches hereinbefore referred to and asked the said partnership to submit a bid thereon, and incident to and as a part of said solicita-

tion said Standard American Dredging Company made to the said partnership certain material representations of fact, the principal of which were the following:

"(a) That the concrete work would amount in volume to a minimum of 15,000 yards on which a unit price per yard was to be bid, justifying a low figure because of the great quantity mentioned.

"(b) That several thousand yards of work in connection with grading and sloping could be done by method and means referred to and described as 'jitney,' at a cost of eight cents per yard, and that the said defendant had itself engaged in said variety of work, and that the said figure of eight cents per yard was the result of its own cost ascertained by said experience.

"(c) That no excavation or filling was required between what was designated on the plans as Stations 113 to 117, and Stations 123 to 124.

"(d) That the amount of material to be moved constituted approximately 12,000 yards.

"That plaintiff and other members of the firm of Ray & Company, believing and relying upon the truthfulness of said representations made their offer in connection with the said work and same was accepted and a contract entered into between the said partnership of Ray & Company and the said Standard American Dredging Company providing for the doing of said concrete work at the price of 85 cents per square yard; the rockwork at $2.15 per square yard, and the grading and sloping for the gross price of Two Thousand and Fifty ($2,050) Dollars; and the said partnership thereupon entered upon the performance of said work and the furnishing of material and labor therefor.

"That the said representations of fact and each of them were grossly and fraudulently false and made by said defendant with knowledge of such falsity in order to mislead, defraud and deceive the said partners and each of them and to induce the said partnership to execute said contract, and to offer and agree to perform said work at said prices; that the material respects in which said falsity inhered, all of which were known to the Standard American Dredging Company at the time of making said representations, and none

of which was known to the said partnership were as follows:

"(a) That instead of the concrete work amounting to 15,000 yards, it amounted to only approximately 8,000 yards, with the result that because of the diminution in quantity the cost per yard to said partnership, instead of being slightly below the sum of 85 cents per yard, amounted to $1.15 per yard.

"(b) That the cost of said 'jitney' work was approximately 50 cents per yard, and that the 'jitney' work theretofore done by said defendant and asserted by it to have cost it only 8 cents per yard, actually cost it approximately 48 cents per yard.

"(c) That in truth and in fact instead of the ground between Stations 113 and 117, and Stations 123 and 124, being of the required level and requiring only what is known as shovel work, it was necessary to excavate and remove 3,400 cubic yards of material between said Stations in order to reduce same to the required level.

"(d) That instead of the amount to be moved constituting only 12,000 yards, same constituted approximately 35,000 yards, and that at the time the said defendant made the said representation to the said partnership the said defendant had figures from its own engineers apprising it of the fact that the removal of approximately 24,000 yards was required.

"That plaintiff did not learn any of said facts until after he had assembled his men and equipment and had progressed to a considerable extent with said work and that as plaintiff continued he found said discrepancies greater and greater until they culminated in the figures hereinbefore set forth, and that plaintiff did not learn until the completion of the work that the defendant Standard American Dredging Company made said misrepresentations with knowledge of their falsity and with intent to deceive said plaintiff."

These averments are followed by an allegation that at the special instance and request of defendant Standard American Dredging Company, plaintiff per-

formed work and furnished materials in accordance with an itemized statement there set out, of the reasonable values set opposite the several items, and concludes with a prayer for judgment in the sum of $15,306.56, and costs.

Defendants demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of suit. The demurrer being overruled, an answer was filed, denying all of the allegations of fraud and misrepresentation, and in further and separate answers, plead defendants' contract with Multnomah County, Oregon, and Clarke County, Washington, for construction of the specified work upon the approaches of the interstate bridge, and the execution of the contract with plaintiff for the completion of the work, alleging that they have paid plaintiff all that was due thereon except the sum of $1,354.40, which they admit would be due to plaintiff, but for the fact that plaintiff has neglected to comply with the terms of the contract, by failure to pay certain claims for labor and materials, by reason of which defendants have been unable to collect all that is due them under their contract with the two counties. It is further asserted that all these payments were accepted by plaintiff as payments under the contract, and as being in full for the items to which they apply, and that plaintiff did not, during the performance of the contract make any claim that they were not working under and in pursuance of the contract, or would claim in accordance with the terms of the original contract, which were well known to the plaintiff when the subcontract was executed. There are many other averments, including the statement that plaintiff made a careful investigation of all maps, plans and grounds before undertaking the work, and knew what they would be required to do.

A reply joined issue upon the affirmative answers, and a trial by a jury was had, resulting in a verdict for plaintiff, and defendants appeal.

REVERSED AND REMANDED.

For appellants there was a brief over the names of *Messrs. Langguth & Lyons, Messrs. Carey & Kerr* and *Mr. Charles E. McCulloch,* with oral arguments by *Mr. Arthur Langguth* and *Mr. H. L. Lyons.*

For respondent there was a brief over the names of *Mr. C. H. Libby, Messrs. Crawford & Crawford* and *Messrs. Beach, Simon & Nelson,* with oral arguments by *Mr. Andrew M. Crawford* and *Mr. Roscoe C. Nelson.*

BENSON, J.—1. The essential controversy between the litigants herein arises from their conflicting views as to the nature of the complaint, and the classification of the cause of action. The defendants insist that the initial pleading states a cause of action in damages for fraud and deceit, while the plaintiff just as earnestly contends that his complaint is founded upon the theory discussed, and the doctrine announced by this court, in the cases of *Hayden* v. *City of Astoria,* 74 Or. 525 (145 Pac. 1072) ; Id., 84 Or. 205 (164 Pac. 729). In the first of these cases, Mr. Justice BEAN quotes with approval from 4 Elliott on Contracts, Section 3697, as follows:

"Sometimes it happens that the original contract has been deviated from in so many matters that it can hardly be regarded as controlling the parties at all, and in such cases the original contract is often treated as abandoned, and a new contract is implied to pay the fair or reasonable value of the work or material. * *

"So, again, in Vermont, 'where the parties under a special contract deviate from the original plan agreed upon, and the terms of the original contract do not appear to be applicable to the new work, it being beyond what was originally contemplated by the parties, it is undoubtedly to be regarded and treated as work wholly extra, out of the scope of the contract, and may be recovered for as such.' "

The opinion then cites several Oregon decisions to the effect that "a subsequent departure from the terms of a written contract by the parties, and mutually acquiesced in abrogates the original contract to that extent." The rules thus enunciated are then expressly applied to the allegations of the complaint in that case. The complaint in that case recited the particulars in which the plans and specifications ultimately adopted varied from those upon which the original contract was based, and showed the particulars in which the changes and deviations required other and greater labor and equipment. We find nothing of that sort in the complaint in the case at bar.

In the first appeal of *Hayden* v. *Astoria,* 74 Or. 525 (145 Pac. 1072), the only question decided by this court was the sufficiency of the complaint, and thereafter upon a trial of the issues made thereon, there was a judgment for the plaintiffs from which the defendant appealed, and, with slight modification, the judgment was affirmed, Mr. Justice McCAMANT, speaking for the court, saying:

"These findings are too lengthy to be incorporated even in substance in this statement of facts. In the main they were in accord with plaintiffs' contentions and bore out the allegations of the amended complaint. The findings were to the effect that the departures from the contract of August 22, 1911, were so numerous and so substantial as to entitle plaintiffs to recover on a *quantum meruit.*"

We find nothing, however, in either of the opinions above mentioned, which would justify a recovery under the complaint in the instant case, upon proof of deviations from the original contract, for nothing of the kind is alleged.

In the present case the trial court adopted the contention of plaintiff, that this case is akin to those of *Hayden* v. *Astoria,* 74 Or. 525 (145 Pac. 1072), Id., 84, Or. 205 (164 Pac. 729), and among others, gave these instructions to the jury:

"The complaint is based upon reasonable value of work, labor and material performed and supplied. The defense is based upon an alleged contract to perform the work and furnish the materials at certain prices. You are hereby instructed that if the original contract has been deviated from in so many matters that it cannot be regarded as controlling, the alleged original contract may be treated as abandoned, and the plaintiff has a right to recover the fair and reasonable value of the work and labor performed, and materials furnished.

"Now, the plaintiff, among other things, alleges fraud. In that connection you are instructed, gentlemen of the jury, that fraud is never presumed. He who alleges it must prove it by clear and convincing evidence. I will state, however, that this action, according to my theory of the case, is not based primarily upon fraud, but is based upon the reasonable value of the services rendered and materials furnished. Fraud, however, is brought in incidentally, and in that connection you are instructed that it must be proved by clear and convincing evidence."

There is not a single allegation in the complaint to justify the theory thus submitted to the jury, and the error involved goes to the substances of the case.

2, 3. In many particulars this case is strikingly similar to that of *Sell* v. *Mississippi River Logging Co.,* 88 Wis. 581 (60 N. W. 1065). The complaint therein

alleged the making of a contract by which plaintiff agreed to drive all of the sawlogs lying in and along the east fork of the Chippewa River, having the defendant's mark thereon, for the sum of $1,000; that defendant's agent represented and guaranteed that the number of such logs (which were then covered by several feet of snow) was, by actual count, 3,700, and no more. It was further alleged that he put the logs into the river, and did not discover, until the drive was nearly completed, that the number of logs so marked was 11,617, requiring an increased crew and additional expense in driving them; that the reasonable value of the labor in driving the logs was $4,000, for which amount judgment was prayed. The court held that while the complaint was far from commendable in form, it stated a cause of action for fraud and deceit, and not upon contract, and continues thus:

"There could be no valid contract until it was ratified with a knowledge of the fraud; and if a party affirms a contract with knowledge of the fraud, he affirms it wholly, but not as a contract made in good faith. He does not thereby waive his claim for the damages caused by the fraud. * * We think that his completion of the drive, under such circumstances, was not an affirmance of the contract nor a waiver of his right to damages by reason of the fraud, and that the contract having been induced by fraud, it is no obstacle to the recovery in this action of his damages, to be measured by what the work was reasonably worth. The complaint states the entire case substantially as made out, and, as the distinctions between forms of action have been abolished, we do not perceive any substantial objection to the allowance of damages on this basis."

4. The views expressed in the above quotation are in full accord with reason and justice, and we adopt them in this case. The cause was tried and the jury

was instructed upon a theory not justified by the pleadings. This would not entitle the defendants to a judgment of nonsuit, as urged by them, but they are entitled to a trial upon the issues as joined. The judgment is therefore reversed and the cause remanded for a new trial.    Reversed and Remanded.

McBride, C. J., and Burnett and Harris, JJ., concur.