Argued June 3, reversed and remanded July 17, petition for
rehearing denied September 3, 1975

HUSZAR, *Appellant, v.* CERTIFIED REALTY
COMPANY ET AL, *Respondents.*

538 P2d 57

*Donald C. Walker,* Portland, argued the cause and filed the briefs for appellant.

*J. Robert Jordan,* of Jordan & Jordan, Portland, argued the cause for respondent Certified Realty Company. On the brief with him was Michael R. Jordan, Portland.

TONGUE, J.

Plaintiff, who paid $5,000 to defendant, a real estate broker, as a down payment under an earnest money agreement that was never completed, seeks to recover damages for the forfeiture of that down payment.[1] Defendant demurred to plaintiff's complaint upon the ground that this court "has previously ruled" that plaintiff is not entitled to the return of that down payment, citing our previous decision in *Huszar v. Certified Realty Co.,* 266 Or 614, 512 P2d 982 (1973). The trial court sustained the demurrer as well as a subsequent motion for judgment on the pleadings. Plaintiff appeals.

---

[1] Plaintiff's complaint named three defendants: Certified Realty Co., a real estate broker, and Cyril Krupicka and wife, the owners of property listed with Certified for sale. This appeal, however, involves only the demurrer of defendant Certified. As a result, it will be referred to as the defendant.

The previous case was an action for money had and received for the return of the $5,000 down payment against both defendant Certified Realty Co. and also against defendant Cyril Krupicka and wife, the owners of the property listed with Certified for sale. In that case a judgment of involuntary nonsuit was entered in favor of defendant Certified, based upon a motion by that defendant, and a judgment on the merits in favor of defendants Krupicka, based upon a motion for directed verdict. Those judgments were affirmed by this court (266 Or at 624).

The complaint in this case is in two counts. Count I alleges an action for damages for fraud, based upon alleged false representation that "the sellers were and had for some time been ready to close the transaction."[2] Count II alleges an action for damages for alleged conversion of the $5,000 down payment.[3]

---

[2] Count I includes the following allegations:

"IV.

"That on the 3rd day of July, 1971, plaintiff and the defendants KRUPICKA entered into an earnest money transaction for the purchase of real property for $70,000, $5,000 paid down as earnest money, and $5,000 to be paid upon the closing, and alleging further that the sale was never consumated and that the defendants declared a forfeiture of the $5,000 earnest money and have failed and refused to return same to plaintiff.

"V.

"That on the 9th day of September, 1971, defendants falsely and fraudulently and with intent to deceive, represented to plaintiff that the sellers were, and had for some time been, ready to close the said transaction.

"VI.

"Defendants knew that said representations were false and that the defendants were not ready to close and that they had never prepared a contract and had no intention of doing so, nor had they presented marketable title, and in no respect were they ready for closing.

"VII.

"Plaintiff relied upon said representations and it was

In seeking to affirm the order sustaining its demurrer in this case defendant contends as follows:

"* * * [T]he first appeal of this case held that Defendant Certified 'was not required to proceed with actual performance in order to place the other party in default', at 621. The Court further held that *as a matter of law* 'Plaintiff is not entitled to complain that Defendants failed to furnish clear title or deliver a contract', at 622. Consequently, the Court held that Plaintiff was not entitled to the return of the earnest money.

"*That holding is the law of this case, * * *.*

"* * * *The complaint in the instant case alleges no new facts,* it is merely an attempt to relitigate issues under different legal theories. The identical issues alleged as specific allegations of fraud have already been determined adversely to Plaintiff *as a matter of law.* Judge Olsen was bound to follow that law, and therefore bound to find that Plaintiff's specifications of fraud were not sufficient to state a cause of action, because the Supreme Court had determined that the Defendants were 'ready to close' *as a matter of law.*" (Emphasis added)

---

these representations that deceitfully activated the ten days, thereby creating an untimely and fraudulent condition of forfeiture and that the plaintiff was in truth and in fact not in default."

⑨ Count II of the complaint includes the following allegations:
"III.
"That under ORS 696.240, the funds received by the defendant broker must be deposited in a neutral escrow depository or hold such funds in effect as escrow agent for both parties. * * *
"IV.
"That the defendant broker violated the trust imposed by the earnest money agreement and that without authority from the plaintiff, the defendant broker converted the $5,000 earnest money to his own use and plaintiff was damaged thereby."

In response to plaintiff's contention that defendant is not in a position to make such contentions because there was no final judgment in the results against it, but a judgment of involuntary nonsuit, defendant contends:

"\* \* \* The judgment of non-suit in the prior action is not involved in this demurrer. The trial court in the prior action directed a verdict in favor of Defendants Krupicka, *finding as a matter of law that Defendants* had done all that was necessary to place Plaintiff in default, and therefore *were entitled to keep the earnest money as a forfeiture.* Plaintiff appealed that finding, and the Supreme Court affirmed it in *Huszar, supra.* Thus in the prior action it was determined *as a matter of law* that Defendant Certified was under no duty to prepare a contract, that the title of Defendants Krupicka was sufficient to support a forfeiture upon Plaintiff's default, and that Defendants Krupicka are entitled to retain the earnest money, subject to the lien held by Defendant Certified. \* \* \*" (Emphasis added)

The validity of these contentions by defendant would appear to depend upon the accuracy of at least two of the assumptions upon which they are based: (1) That "the complaint in the instant case alleges no new facts"; (2) That in the prior case it was held by this court, "as a matter of law," that defendants (including defendant Certified) "were entitled to keep the earnest money as a forfeiture."

Upon examination of our previous decision, however, we find that it was based upon the insufficiency of the evidence offered by the plaintiff upon the trial of that case. Thus, we held (at 622):

"\* \* \* *Under these facts* plaintiff is not entitled to complain that defendants failed to furnish clear title or to deliver a contract. It also follows that the trial court was correct in holding that *plaintiff*

*failed to offer evidence sufficient to make a prima facie case to go to the jury."* (Emphasis added)

The complaint in this case alleges additional facts and raises additional issues not considered or decided in the first case. Thus, plaintiff's amended complaint in this case alleges, and for the first time, that "defendants falsely and fraudulently and with intent to deceive, represented to plaintiff that the sellers were, and had for some time been, ready to close said transaction"; that defendant knew that these representations were false; and that plaintiff relied upon them and was damaged in the sum of $5,000—representing the amount of the down payment. The complaint also alleges, as a second count, that ORS 696.240 required that the down payment be held in trust for both parties and that defendant violated that trust and converted the $5,000 to his own use.

Also, as previously noted, there was no judgment on the merits in the previous case against defendant Certified, but a judgment of involuntary nonsuit, with the result that there was no final judgment holding, "as a matter of law," that defendant Certified was entitled to keep the $5,000.

■■ Defendant relies on the rule of the "law of the case." That rule, however, is applicable only to "former decisions made in the *same cause* and upon the *same state of facts." Public Market Co. v. Portland,* 179 Or 367, 373, 170 P2d 586 (1946), quoting from *Stager v. Troy Laundry Co.,* 41 Or 141, 142, 68 P 405 (1902). To the same effect, see *Shaver Co. v. Eagle Star Ins. Co.,* 177 Or 410, 413-14, 162 P2d 789 (1945). Or, as held in *Marr et al v. Putnam et al* 213 Or 17, 23, 321 P2d 1061 (1958), also involving a second appeal in the same case, "the former decision must be deemed to be controlling, *so far as the questions are the same."*

■ Thus, although a former ruling by this court in a case is binding as the "law of the case" insofar as the facts and issues are the same, the parties may be "authorized to amend and produce further evidence," and "if that was done, then our [former] decision was no longer final." *Dickerson et al v. Murfield,* 183 Or 149, 158, 191 P2d 380 (1948).

To the same effect, where "material and additional allegations have been made," this court has held that it is not "precluded" by a former opinion from "passing on the sufficiency of the amended complaint." *Feldschau v. Clatsop County,* 117 Or 482, 491, 244 P 528 (1926). This same result was reached in *Spande v. Western Life Indemnity Co.,* 68 Or 171, 180, 136 P 1189 (1913), in which the original complaint "was predicated on a contract," while the amended complaint was based upon "representations, made directly with plaintiff." This court held in *Spande* that "the issues tendered in this action are not the same ones litigated in the former controversy, and that defendant's attack is without merit."

■ In addition, we have held that both the rule of the "law of the case" and that of res judicata are applicable only to "an adjudication of issues which have culminated in a final decree," and one "embracing all issues," rather than to a ruling upon "a segment of the whole case." *R.L.K. and Co. v. Tax Commission,* 249 Or 603, 608-09, 438 P2d 985 (1968). Thus, because a judgment of nonsuit does not "reach the merits," a judgment dismissing a case without prejudice "adjudge(s) nothing, because the final judgment by its terms is that nothing has been adjudicated, and this fact is the only res judicata." *Piukkula v. Pillsbury Flouring Co.,* 150 Or 304, 327, 42 P2d 921, 44 P2d 162 (1935). See also *Fleming v. Wineberg,* 253 Or 472, 477, 455 P2d 600 (1969), and ORS 43.160.

■ In the former case between these same parties a

judgment of involuntary nonsuit was entered against plaintiff on motion of defendant Certified. By the terms of ORS 18.250, "[s]uch a judgment [did] not have the effect to bar another action for the same cause."

■ Insofar as it may be contended that our decison in that case as between plaintiff and defendants Krupicka has any binding effect as the "law of the case" in this subsequent action, which plaintiff was thus free to file against defendant Certified, it is clear from our previous decisions, as cited above, that because plaintiff's amended complaint in this case alleges additional and material facts and raises new and additional issues, neither the rule of the "law of the case" nor that of res judicata can have any proper application.

It follows that the trial court erred in sustaining defendant's demurrer to plaintiff's amended complaint and in entering a judgment on the pleadings against plaintiff.[④]

Reversed and remanded.

HOLMAN, J., concurring in part; dissenting in part.

The doctrine of the law of the case has no application to defendant Certified since at the time of the former adjudication in favor of defendants Krupicka, Certified was not a party to the case, having previously been dismissed from it upon a motion for an involuntary nonsuit.

The adjudication against plaintiff and in favor of defendants Krupicka does not appear from the face

---

[④] Because of the basis upon which we decide this case it becomes unnecessary to consider plaintiff's remaining assignments of error. For the same reason, we need not decide whether defendant could properly make the contention based upon the "law of the case" by demurrer, rather than by answer.

of the present complaint and, therefore, cannot be availed of by Certified by filing a demurrer. The assertion really being made by Certified is that plaintiff is collaterally estopped from raising issues which have previously been determined adversely to plaintiff in litigation with defendants Krupicka. However, collateral estoppel must be raised by an affirmative answer and cannot be asserted by demurrer.

I disagree with that part of the majority opinion which holds that plaintiff has stated a cause of action in fraud. Plaintiff alleges that Certified was guilty of fraud because it falsely represented that the sellers Krupicka were ready to close the transaction when in fact they were not. No action for fraud will lie because Certified did not secure plaintiff's down payment by fraud nor did plaintiff rely upon any misrepresentation concerning Certified's reason for retaining the money.

However, I would hold, as do the majority, that plaintiff's count in conversion does state a cause of action and that the case should be remanded to the trial court for further proceeding on that count.