VANDERZANDEN et al, *Appellants,*

*v.*

SEXSON, *Respondent.*

(No. 34-330, CA 5342)

555 P2d 946

*Thomas J. Moore,* Hillsboro, argued the cause for appellants. With him on the brief were Brink, Moore, Brink & Peterson, Hillsboro.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

## FORT, J.

This is a mandamus proceeding brought by certain landowners against the State Engineer[1] to compel him to hold a hearing upon petitioners' application for change in point of diversion of water based upon water right certificates issued to petitioners or their predecessors in interest allowing each specified quantities of water from West Dairy Creek. ORS 540.520. Respondent made return, issue was joined and the court heard extensive testimony. Thereafter it made extensive Findings of Fact.[2] It concluded, however,

[1] Since the filing of the appeal in this case, the title of the position and the name of the respondent have been changed to "James E. Sexson, Director, Water Resources Department of the State of Oregon."

[2] From Judgment findings of fact:

"I.

"That the petitioners are the holders of water right certificates issued by the Oregon State Engineer for irrigation of land in Washington County from the waters of the West Fork of Dairy Creek and in 1974 petitioners filed with the State Engineer Amended Applications for change in point of diversion from a point on the West Fork of Dairy Creek in Section 13, Township 1 North, Range 4 West of the W.M., to a point on the natural channel of the West Fork of Dairy Creek in Section 18, Township 1 North, Range 3 West of the W.M., Washington County, Oregon. That after submission of said Amended Applications they were returned to petitioners for further completion and were then resubmitted to the State Engineer together with certain fees requested by the State Engineer.

"II.

"That the State Engineer has refused to act on the Amended Applications of petitioners and has refused to fix a time and place for hearing upon said applications and has refused to give notice by publication in a newspaper of the time and place for hearing upon said amended applications.

"III.

"That the west fork of Dairy Creek is a natural stream in Washington County, Oregon, which flows through Sections 13 and 18, Township 1 North, Range 3 West of the Willamette Meridian.

"IV.

"That approximately 50 years ago, water of the West Fork of Dairy Creek broke through its banks in Section 13, Township 1 North, Range 3 West of the Willamette Meridian and created a new channel through Section 13 and 18 flowing in a generally easterly direction, which new channel rejoins the old channel of West Fork of Dairy Creek in Section 18. That prior to and since the breakthrough in the banks of the West Fork of Dairy Creek in said Section 13, the old channel became

that it was bound by our decision in *Vandehey v. Wheeler,* 13 Or App 25 at 37, 507 P2d 831, Sup Ct *review denied* (1973), to hold that in this case the request for a change of point of diversion was a change in "the source of the irrigation water" and thus under *Vandehey* could not be done without new applications for water rights with resulting loss of priorities. Petitioners appeal.

Since *Vandehey* involved both the same channels of water and these petitioners as plaintiffs in that declaratory judgment proceeding, it is necessary for us first to consider whether its holding is binding in this case, as the trial court concluded, and the respondent urges here.

Recently in *Huszar v. Certified Realty Co.,* 272 Or 517, 538 P2d 57 (1975), the Oregon Supreme Court had occasion to discuss at length the doctrine of the "law of the case." There the court said:

> "Defendant relies on the rule of the 'law of the case.' That rule, however, is applicable only to 'former decisions made in the *same cause,* and upon the *same state of facts.' Public Market Co. v. Portland,* 179 Or 367, 373, 170 P2d 586, 589 (1946), quoting from *Stager v. Troy Laundry Co.,* 41 Or 141, 142, 68 P 405 (1902). To the same effect, see *Shaver Co. v. Eagle Star Ins. Co.,* 177 Or 410, 413-14, 162 P2d 789 (1945). Or, as held in *Marr et al v. Putnam et al,* 213 Or 17, 23, 321 P2d 1061, 1065 (1958), also involving a second appeal in the same case, 'the former decision must be deemed to be controlling, *so far as the questions are the same.'*

> "Thus, although a former ruling by this court in a case is binding as the 'law of the case' insofar as the facts

congested with trees, brush and debris and has become filled in so that the main flow of water, if not impeded by man, is through the new channel and water flows through the new channel the year around whereas the flow of water through the old channel stops during the late spring and summer months.

"V.

"That the new points of diversion requested in petitioners' applications is at a point in the new channel of West Fork of Dairy Creek in Section 18, Township 1 North, Range 3 West of the W.M."

and issues are the same, the parties may be 'authorized to amend and produce further evidence,' and 'if that was done, then our [former] decision was no longer final.' *Dickerson et al v. Murfield,* 183 Or 149, 158, 191 P2d 380 (1948)." (Emphasis in original.) 272 Or at 522-23.

Even more recently our Supreme Court again had occasion to discuss the "law of the case" in *Koch v. So. Pac. Transp. Co.,* 274 Or 499, 547 P2d 589 (1976). There the court said:

"The policies underlying the doctrine of the 'law of the case' essentially parallel those served by the doctrines of *stare decisis* and res judicata/preclusion, i.e., consistency of judicial decision, putting an end to litigation of matters once determined, and preserving the court's prestige. Vestal, *Law of the Case: Single-Suit Preclusion,* 1967 Utah L Rev 1 (1967). Briefly stated, the doctrine of the law of the case precludes relitigation or reconsideration of a point of *law* decided at an earlier stage of the *same* case. The rationale is that a court should adhere to a previous ruling on an identical matter, whether rightly or wrongly decided, in order to advance the policies enumerated above. There is no uniformity among the jurisdictions either in the stages at which the doctrine is given effect or in the rigidity with which it is applied. Vestal, *supra* at 2-4." (Emphasis in original.) 274 Or at 511-12.

More recently, in *Morley v. Morley,* 24 Or App 777, 547 P2d 636 (1976), this court had occasion to discuss the matter and said:

"Although the same policy considerations underlie both rules, the distinction between res judicata and the law of the case is not just a matter of labels. Law of the case is generally not applied with the same rigor as res judicata. Vestal, supra, 1967 Utah L Rev at 2-3. Res judicata applies equally to legal rulings and factual determinations that merge into a final judgment; law of the case applies more strongly to legal rulings than to factual determinations. *See, Portland T. & S. Bank v. Lincoln Realty,* 187 Or 443, 211 P2d 736 (1949). A change of law or change of facts since the prior adjudication does not negate the applicability of res judicata; but such a change can be a compelling basis to negate the applicability of law of the case. *Pacific Mill Co. v. Inman,*

50 Or 22, 90 P 1099 (1907); Vestal, supra, 1967 Utah L Rev at 6-10, 12, 16. Applied literally, res judicata can prevent a court from correcting what it considers to be a prior erroneous factual or legal determination; however, it has been said that law of the case does not impair a court's ability to correct its errors. Vestal, supra, 1967 Utah L Rev at 18. In sum, '* * * as applied to the effect of previous orders on the later action of the court rendering them in the same case, [law of the case] merely expresses the practice of courts generally to refuse to reopen what has been decided, [but is] not a limit to their power * * *.' *Messenger v. Anderson,* 225 US 436, 444, 32 S Ct 739, 56 L Ed 1152 (1912); see also, *Higgins v. California Prune & Apricot Grower,* 3 F2d 896, 898 (2d Cir 1924); *Peterson v. Hopson,* 306 Mass 597, 603, 29 NE2d 140, 132 ALR 1 (1940)." 24 Or App at 781.

In *Vandehey,* we said:

"In summary, this is a declaratory judgment proceeding in which the plaintiffs seek to have the court change their point of diversion from that specified in their permits without going through the statutory procedure for change in point of diversion and, consequently, without notice to other water users who may be prior in time and right to the plaintiffs. * * *" 13 Or App at 46.

Thus because of the failure to utilize the procedure therein referred to as necessary to an effort to change the petitioners' point of diversion, we upheld the trial court's dismissal of that declaratory judgment proceeding.

Here the petitioners seek to follow the procedure referred to in *Vandehey,* and the respondent refuses to grant them the hearing required under ORS 540.520(2).

While involving the same parties as in *Vandehey,* the court here heard different and additional testimony upon which it properly based its Findings of Fact. Thus the evidence before the court here was not the same. For example, several of the witnesses appearing at each trial did not testify in the other.

[ 144 ]

Furthermore, this court in *Vandehey* said:

"* * * Whether the unnamed channel became a natural stream also is immaterial to this case. The plaintiffs' point of diversion for the waters of West Dairy Creek is the location set forth in their respective water certificates and the unnamed channel is merely a conduit used to convey the water to plaintiffs' places of use. The use of a natural stream as a conduit for diverted water is not uncommon under Oregon water law. [Citation omitted.]" (Footnote omitted.) 13 Or App at 45.

Thus in that case we expressly did not determine an issue which is a central one in the findings of the court in this case—that the "unnamed channel" referred to in *Vandehey* had in fact become, and for many years had been, the new main channel of West Dairy Creek. Footnote 4 in *Vandehey,* 13 Or App at 45, cannot be taken as a holding by this court to the contrary.

Here our review is limited to that of an action at law. ORS 34.240. *Kirschbaum v. Abraham,* 267 Or 353, 517 P2d 272 (1973). There was substantial evidence to support the findings of fact of the trial judge. However, the issue before us is whether or not the respondent shall hold the hearing and give the notices required by ORS 540.530 and 540.520, respectively. We conclude based upon the foregoing that a writ should issue requiring the holding of the hearing in conformity with the last mentioned sections.

Reversed and remanded.