Argued and submitted February 25,
reversed and remanded with instructions March 31, 1980

In the Matter of Compensation of
HAMLIN,
*Petitioner,*
*v.*
ROSEBURG LUMBER COMPANY,
*Respondent.*

(WCB No. 77-7780, CA 15570)

608 P2d 1217

William A. Barton, Newport, argued the cause for appellant. With him on the briefs was Barton & Armbruster, P.C., Newport.

David O. Horne, Beaverton, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

**CAMPBELL, J.**

Claimant appeals from an order of the Workers' Compensation Board (Board) reversing the referee and denying claimant compensation for any permanent disability. We reverse and remand with instructions to reinstate the referee's opinion.

This case has been before us previously in *Hamlin v. Roseburg Lumber,* 30 Or App 615, 567 P2d 612 (1977), wherein we held that claimant had sustained permanent disability as a result of her work-related worsening of a preexisting bronchial asthmatic condition. We need not recount the facts here. On remand, the Evaluation Division issued a Determination Order denying permanent disability. The referee reversed, awarding 160 degrees or 50 percent unscheduled disability. The Board, as noted above, reversed.

On the question whether claimant suffered permanent disability as a result of her industrial exposure to welding fumes, our decision in *Hamlin v. Roseburg Lumber, supra,* rendered in the same cause and on essentially the same state of facts,[1] is the "law of the case" and, therefore, controls. *See Huszar v. Certified Realty Co.,* 272 Or 517, 538 P2d 57 (1975); *Marr v. Putnam,* 213 Or 17, 321 P2d 1061 (1958); *Vanderzanden v. Sexson,* 27 Or App 139, 555 P2d 946 (1976).

The remaining question is the extent of claimant's permanent disability. The referee evaluated claimant's disability at 65-70 percent, but attributed part of that disability to the natural progression of her preexisting condition. Thus, he awarded claimant 50 percent disability. On review of the record, we concur.

Reversed and remanded with instructions to reinstate the referee's order.

---

[1] The referee noted that "the only new evidence in this case is Dr. Tuhy's opinion" and that "Dr. Tuhy's opinion has [not] added greatly to this matter." Dr. Tuhy did speculate for the first time that a bout with pneumonia in early 1972, rather than welding fumes, may have precipitated claimant's condition.