Argued and submitted August 20, 1993, reversed and remanded in part; otherwise affirmed February 23, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## JIMMY LEE CUSTER,
*Appellant.*

(91P-3244; CA A74333)

868 P2d 1363

Peter Gartlan, Deputy Public Defender, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Defendant appeals his convictions for possession of a controlled substance, unlawful possession of a destructive device and unlawful possession of a firearm. ORS 475.992 (4)(b); ORS 166.382(1)(b); ORS 166.250(1)(b). He claims that the trial court erred in refusing to suppress evidence seized during an inventory of the car that he was driving when he was arrested. We affirm the conviction for unlawful possession of a firearm and reverse and remand the other convictions.

The facts are undisputed. On June 25, 1991, Dallas police officer Wolfe saw defendant driving a car. Wolfe knew from previous contacts with defendant that his driving privileges were suspended. He stopped defendant and placed him under arrest for the offense of felony driving while suspended.[1] Wolfe then asked him if there were any weapons in the car.[2] Defendant replied that there was a pistol on a shelf beneath the glove compartment. Wolfe placed defendant in the patrol car and "called for a tow, per department policy." The impound and inventory policy of the Dallas Police Department provides, in pertinent part:

"2.03.65   Vehicle Impounding/Inventory

"Police Officers of the Dallas Police Department shall follow the listed guidelines when impounding any vehicle.

"1.   Automobile/Motorcycles Impoundment:

"Any vehicle * * * used in the commission of a crime shall be impounded. * * * All impounded * * * vehicles shall be inventorie[d] for condition and property contents[.] * * * Once an Officer has determined that a vehicle must be impounded * * * a towing agent should be contacted for removal."

Wolfe returned to defendant's car, immediately located the pistol and unloaded it. He then inventoried the contents of the car, pursuant to the department policy set out above. During the inventory, he discovered methamphetamine and bomb components. The items found in the car were seized and

---

[1] Defendant does not challenge the legality of the stop or the arrest.

[2] Defendant does not claim that that inquiry was impermissible.

used as evidence to obtain the convictions that are the subject of this appeal.

■ Defendant argues that the seized items should have been suppressed, because the inventory of his car was an impermissible search under Article I, section 9, of the Oregon Constitution. The state first argues that, even assuming that the inventory was unlawful, the search of the area beneath the glove compartment and the seizure of the pistol were valid under the automobile exception to the warrant requirement. In *State v. Brown*, 301 Or 268, 276, 721 P2d 1357 (1986), the Supreme Court held that police may conduct a warrantless search of a vehicle for crime evidence if there is probable cause to believe that the vehicle contains such evidence and the vehicle was mobile when stopped. Here, Wolfe stopped defendant's car while it was moving; it was, therefore, "mobile." *State v. Warner*, 117 Or App 420, 423, 844 P2d 272 (1992). Also, defendant's statement that a pistol was located underneath the glove box furnished Wolfe with probable cause to believe that a search of that area would uncover the pistol. Accordingly, the automobile exception justified the search of that part of the car. *See State v. Brown, supra*, 301 Or at 279. The trial court properly denied defendant's motion to suppress the pistol.

■ We return to defendant's argument that the trial court should have suppressed the methamphetamine and the bomb components, because the inventory constituted an illegal search under Article I, section 9. In *State v. Atkinson*, 298 Or 1, 688 P2d 832 (1984), the Supreme Court articulated a three-part test for determining the validity of an inventory of impounded property. First, the property must be lawfully impounded. Second, the inventory

> "must be conducted pursuant to a properly authorized administrative program, designed and systematically administered so that the inventory involves no exercise of discretion by the law enforcement person directing or taking the inventory." 298 Or at 10. (Emphasis supplied.)

Third, the officer conducting the inventory must adhere to the established policy and procedures. 298 Or at 10. *See also State v. Gaunce*, 114 Or App 190, 193-94 n 4, 834 P2d 512 (1992).

■　　　Apparently, both parties and the trial court assumed that the inventory of defendant's car was conducted "pursuant to properly authorized administrative program." Nonetheless, even when the issue is not raised by the parties, a reviewing court must make a determination as to the authority under which the police impounded and inventoried the vehicle, as a prerequisite to declaring the inventory valid. *See State v. Atkinson, supra,* 298 Or at 11; *State v. Willhite,* 110 Or App 567, 570, 824 P2d 419 (1992). The state apparently finds sufficient authority in the department policy. However, that internal policy cannot properly serve as the source of authority for the inventory. Before executive agencies, such as the Dallas Police Department, may impound and inventory vehicles, "they must have explicit authority from outside the executive branch." *Nelson v. Lane County,* 304 Or 97, 104, 743 P2d 692 (1987). For that reason, "compliance with an [executive] agency's own procedures does not answer the threshold question of authority." 304 Or at 105. As the court in *Nelson* explained:

"We are familiar with this requirement [of executive agents obtaining extra-executive authorization before searching or seizing] in the realm of criminal law enforcement. Article I, section 9, provides a method of extra-executive authorization in advance of searches or seizures — judicial approval of a constitutionally sufficient warrant. * * * Compliance with the warrant clause, or its few exceptions as this court has interpreted them, itself provides the necessary authorization for searches or seizures intended to discover evidence of crime.

"In *Atkinson,* we suggested that another method existed for administrative searches. *We held that an administrative search conducted without individualized suspicion of* ˙ *wrongdoing could be valid if it were permitted by a 'source of the authority,' that is, a law or ordinance providing sufficient indications of the purposes and limits of executive authority,* and if it were carried out pursuant to 'a properly authorized adminstrative program, designed and systematically administered' to control the discretion of non-supervisory officers. [*State v. Atkinson, supra,*] 298 Or at 9, 10." 304 Or at 104. (Emphasis supplied; footnotes omitted.)

Thus, in the instant case, it is imperative that the state identify a source of extra-executive authorization, such as a statute or an ordinance, that allows Dallas law enforcement

officers to inventory vehicles under the circumstances presented here and that expressly delineates the purposes and limits of the officers' authority.

The state does not point to, and we have been unable to locate, any such provision of law. As explained above, the state's apparent reliance on the internal department policy is misplaced. Based on the Supreme Court's clear directives, in *Atkinson* and *Nelson,* that the state must identify some provision of law authorizing Dallas police officers to inventory vehicles, we are compelled to conclude that the inventory search of the contents of defendant's car was unlawful under Article I, section 9. *State v. Atkinson, supra.* Accordingly, the methamphetamine and the bomb components should have been suppressed.

Convictions for possession of a controlled substance and unlawful possession of a destructive device reversed and remanded for a new trial; otherwise affirmed.