Argued and submitted July 15, pretrial order reversed and remanded
September 8, 2022

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

RONALD DEAN MARTIN,
*Defendant-Respondent.*

Malheur County Circuit Court
18CR20788; A176646

517 P3d 372

The Court of Appeals previously reversed two of the convictions in this case, holding that it was error to admit the evidence of defendant's blood alcohol content (BAC) when the state failed to establish chain of custody. *State v. Martin*, 307 Or App 396, 404, 477 P3d 452 (2020) (*Martin I*). On remand, the trial court concluded that the law of the case precluded the state from seeking to admit evidence of the BAC results at the retrial. The state assigns error to that decision. *Held*: The Court of Appeals concluded that the law of the case did not prevent the state from attempting to introduce the BAC results during the retrial. In *Martin I*, the court determined that the medical records alone were insufficient to establish chain of custody. 307 Or App at 404. That legal determination applied to the facts as developed in the trial court at that time and neither precluded nor even addressed whether additional evidence bearing on that issue may be introduced. Additionally, the court in *Martin I* did not place any limitation on the state's ability following remand to prove chain of custody. Therefore, the trial court erred in determining that the state's ability to introduce the evidence was barred by the law of the case.

Pretrial order reversed and remanded.

Lung S. Hung, Judge.

Greg Rios, Assistant Attorney General, argued the cause for appellant. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Andy Simrin argued the cause for respondent. Also on the brief was Andy Simrin PC.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Pretrial order reversed and remanded.

**KAMINS, J.**

The state appeals from a pretrial order granting defendant's motion *in limine* precluding the admission of evidence of defendant's blood alcohol content (BAC). Defendant was charged with driving under the influence of intoxicants (Count 1), ORS 813.010, reckless driving (Count 2), ORS 811.140, criminal mischief in the second degree (Count 3), ORS 164.354, and failure to use safety belts (Count 4), ORS 811.210. After he was convicted of Counts 1, 2, and 4, we reversed and remanded the convictions for Counts 1 and 2. In this appeal, the state assigns error to the trial court's conclusion on remand that the law of the case precluded the state from seeking to admit evidence of the BAC results at the retrial. We agree with the state and reverse and remand to the trial court for further proceedings.

This is the second time this case has come before us, and the issue now is whether our prior decision precluded the introduction of the BAC results on remand. In the first trial, the state moved *in limine* to admit defendant's medical records, which included the BAC results. *State v. Martin*, 307 Or App 396, 399, 477 P3d 452 (2020) (*Martin I*). Defendant objected on a variety of different bases, including that the state could not establish chain of custody. *Id*. at 399-400. The motion *in limine* hearing addressed other issues in the motion, and chain of custody was not discussed. *Id*. at 400. The trial court ultimately admitted the BAC results without requiring evidence of chain of custody. *Id*.

On appeal, we reversed. *Id*. at 405. We held that the medical records on their own were insufficient to establish chain of custody and, therefore, it was error to admit the BAC results. *Id*. at 404. The state requested that we issue a limited remand solely for the trial court to conduct a hearing to allow the state to lay an appropriate foundation. *Id*. at 405. We declined to do so, and instead, "reverse[d] and remand[ed] the judgment for the trial court to determine the appropriate nature of the proceedings on remand." *Id*.; *see State v. Hoffman*, 321 Or App 330, 339-40, 515 P3d 912 (2022) (recounting the history of *Martin I*).

On remand, defendant filed a motion *in limine* to exclude the BAC results altogether, arguing that, under

the law of the case, *Martin I* precluded introduction of those records. The trial court granted defendant's motion *in limine* excluding the BAC results, concluding that, because we previously held that the state did not meet its burden to demonstrate chain of custody, "the law of the case does not permit the [state] another opportunity to prove chain of custody."

The state contends that the law of the case does not preclude a party from laying the proper foundation for a piece of evidence after an appellate court reverses and remands on the basis that the evidence lacked foundation. According to the state, the law of the case was limited to the determination in *Martin I* that the BAC results were not admissible without testimony tracing the results back to defendant's blood.

Defendant responds that our disposition granted the trial court broad discretion to determine the appropriate nature of the proceedings on remand and that the trial court did not abuse its discretion in concluding that the law of the case prevented the state from relitigating chain of custody. Additionally, defendant argues that the trial court's conclusion is consistent with our decision in *State v. Custer*, 146 Or App 487, 494, 934 P2d 455 (1997) (*Custer II*) (holding that it was error to permit the state to relitigate a motion to suppress once this court instructed that the evidence be suppressed). Finally, defendant contends that allowing the state to prove chain of custody after remand would be antithetical to the purposes served by the law of the case doctrine.

We review a trial court's conclusions as to law of the case for legal error. *See OEA v. Oregon Taxpayers United*, 253 Or App 288, 299-300, 291 P3d 202 (2012) (determining that we review a trial court's conclusions with respect to preclusion, including law of the case, for errors of law); *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016) ("Because whether a trial court applied the correct substantive standard to guide its decision is a question of law, we review that issue for legal error.").

The law of the case doctrine "precludes relitigation or reconsideration of a point of *law* decided at an earlier stage

of the *same* case. The rationale is that a court should adhere to a previous ruling on an identical matter[.]" *Koch v. So. Pac. Transp. Co.*, 274 Or 499, 512, 547 P2d 589 (1976) (emphasis in original). It is "applicable only to former decisions made in the *same* cause, and upon the *same* state of facts." *Huszar v. Certified Realty Co.*, 272 Or 517, 522, 538 P2d 57 (1975) (emphasis in original; internal quotation marks omitted). The doctrine, which is prudential in nature, furthers the interests of consistency in judicial decision-making, finality of matters once litigated, and preservation of the credibility of the court. *See Poet v. Thompson*, 208 Or App 442, 450-51, 144 P3d 1067 (2006) (explaining the policies underlying law of the case).

We conclude that law of the case did not preclude the state from attempting to introduce the BAC results during the retrial. In *Martin I*, we determined that the medical records "alone" were insufficient to establish chain of custody. *Martin I*, 307 Or App at 404. Because "on [that] record, the court could not determine that there was a reasonable probability that the test results traced back to defendant's blood," we reversed. *Id.* That legal determination applied to the facts as developed in the trial court at that time and neither precludes nor even addresses whether additional evidence bearing on that issue may be introduced. *See State v. Langley*, 331 Or 430, 443 n 9, 16 P3d 489 (2000) ("[T]he doctrine of the law of the case is inapplicable in light of new facts or evidence bearing on the legal issue in question."); *State ex rel Orbanco Real Estate Serv. v. Allen*, 301 Or 104, 110, 720 P2d 365 (1986) ("To invoke the law of the case doctrine the facts and issues in the second proceeding must be the same as in the first." (Internal quotation marks omitted.)); *Huszar*, 272 Or at 523 ("Thus, although a former ruling by this court in a case is binding as the law of the case insofar as the facts and issues are the same, the parties may be authorized to amend and produce further evidence, and if that was done, then our (former decision) was no longer final." (Internal quotation marks omitted.)).

The legal issue that was presented and that we decided in *Martin I* related to the sufficiency of the state's foundation for the BAC results. We held that the records containing the BAC results were not self-authenticating;

that is, they could not be admitted without additional evidence of chain of custody. *Martin I*, 307 Or App at 404. We did not place any limitation on the state's ability following remand to prove chain of custody. The trial court therefore erred in determining that the state's ability to introduce the evidence was barred by law of the case.

That conclusion is consistent with the prudential nature of the law of the case doctrine. *State v. Poston*, 309 Or App 377, 383, 482 P3d 778 (2021). A contrary result would freeze in time any appellate decision relating to the admissibility of evidence, regardless of further developments in the evidentiary record on remand. For example, if an appellate court determined that a defendant had failed to demonstrate the relevance of some piece of evidence, that defendant on remand would be precluded from attempting to lay a foundation that established the evidence's relevance. *Cf. Langley*, 331 Or at 443 & n 9 (observing that the Supreme Court's prior ruling as to the admissibility of the state's exhibits would not have been binding as law of the case if the defendant had introduced new evidence on remand that demonstrated that the exhibits were in fact not admissible).[1]

Defendant's reliance on *Custer II* to support departing from the long-established parameters of law of the case is misplaced. In *Custer I*, we determined that the inventory search of the defendant's vehicle constituted an illegal search and instructed that the evidence be suppressed. *State v. Custer*, 126 Or App 431, 436, 868 P2d 1363 (1994) (*Custer I*). On remand, the state sought to introduce evidence to demonstrate that the search of the vehicle was in fact legal, and the trial court allowed it, again denying the defendant's motion to suppress. *Custer II*, 146 Or App at 491-92. We once again reversed, reasoning that our prior legal determination that the search was illegal and instruction that the evidence should have been suppressed was law of the case. *Id.* at 493-94. In contrast, the holding of *Martin I* did not include a legal determination that the BAC evidence was *per se* inadmissible, nor did we instruct that the trial

---

[1] To the extent that defendant is advocating that the doctrine of the law of the case should apply differently to parties seeking to admit evidence than those seeking to exclude it, we find no support for such a distinction.

court exclude it. Rather, we concluded that the foundation for the evidence was insufficient and declined to offer limiting instructions as to its introduction on remand. *Martin I*, 307 Or App at 404-05.[2] Accordingly, the law of the case did not preclude the admission of the evidence on remand and the trial court erred in granting defendant's motion *in limine*.

Pretrial order reversed and remanded.

---

[2] The parties also raise arguments regarding the meaning of our instruction in *Martin I*. In *Martin I* we reversed and remanded the judgment "for the trial court to determine the appropriate nature of the proceedings on remand." *Martin I*, 307 Or App at 405. Nothing about that instruction, or anything else in our opinion in *Martin I*, is inconsistent with our use of "reversed and remanded." *See State v. Plueard*, 297 Or App 592, 595, 443 P3d 1195 (2019) (explaining that, generally, reversing and remanding a case sends it back to the trial court as though the original proceeding did not occur, unless something indicates that the remand is partial).